IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| WENDY BROWN,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, NATIONAL ASSOCIATION and DOES 1-5,<br><br>　　　　　　Defendants. | **No. 23-CV-33-BU-BMM-JTJ**<br><br>Order |

## INTRODUCTION

Defendant Wells Fargo Bank, National Association ("Wells Fargo") has filed a Motion to Compel Arbitration. (Doc. 5.) Plaintiff Wendy Brown ("Brown") opposes the motion. (Doc. 6.) The Court conducted a hearing on the matter on July 5, 2023. (Doc. 15.) For the following reasons, the Court grants Wells Fargo's Motion.

## BACKGROUND

Brown began working as a Mortgage Sales Associate for Wells Fargo in its Anaconda, Montana branch in April 2016. (Doc. 5 at 2.) Brown received and executed Wells Fargo's standard Arbitration Agreement during her hiring process. (*Id.*) Wells Fargo required Brown to sign the agreement as a condition of her

1

employment. (Doc. 7 at 3.) The Arbitration Agreement comprises a stand-alone document. (Doc. 5-3 at 2.) The first paragraph of the Arbitration Agreement provides for mutual waiver of the right to bring any claims before a court that arise out of application for employment, employment, or separation of employment from Wells Fargo. (*Id.*) The first paragraph of Wells Fargo's Arbitration Agreement states as follows:

> Wells Fargo and I mutually agree that any legal Claims arising out of my application for employment, employment, or separation from employment with Wells Fargo shall be resolved by final and binding arbitration. Except as noted below, Wells Fargo and I agree to waive our rights to pursue any Claims in court or before a jury. This Agreement is subject to the Federal Arbitration Act.

(*Id.*)

The Arbitration Agreement provides that a neutral third party will conduct any arbitration. (*Id.*) The Arbitration Agreement further specifies that Wells Fargo agrees to pay for arbitration costs other than the initial filing fee. (*Id.*) The Arbitration Agreement provides for arbitration to take place in or near the city where the employee was last employed. (*Id.*)

Brown filed a state-court Complaint against Wells Fargo in Montana's Third Judicial District Court, Deer Lodge County on March 22, 2023. (Doc. 1 at 2.) The Complaint includes the following causes of action: (I) Negligence, (II) Negligent Hiring, (II) Negligent Retention, (IV) Negligent Supervision, (V) Negligent

Infliction of Emotional Distress, and (VI) Negligence Per Se. (Doc. 1-1 at 3–6.) Brown alleges that her coworker Jenna Anderson ("Anderson") brought a pistol, a fixed-blade knife, and a pocketknife onto Wells Fargo's property during working hours. (Doc. 1-1 at 5.) Brown alleges that Anderson engaged in inappropriate activities on previous occasions that posed a risk to Wells Fargo's employees and customers. (Doc. 6 at 3.) Brown contends that Anderson's actions have caused her emotional damage and suffering. (Doc. 1-1 at 5.)

Wells Fargo removed the action to federal court on May 26, 2023. (Doc. 1 at 5.) Wells Fargo filed a Motion to Compel Arbitration on June 2, 2023. (Doc. 5.) Brown filed a Response on June 19, 2023. (Doc. 6.) The Court conducted a motion hearing on July 5, 2023. (Doc. 15.)

## LEGAL STANDARD

Congress passed the Federal Arbitration Act ("FAA") to expedite the resolution of disputes through arbitration rather than litigation. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 22 (1983). The FAA preempts any state law that, in practice, disproportionally affects arbitration or interferes with its fundamental attributes. 9 U.S.C. § 2; *Mortensen v. Bresnan Commc'ns, LLC*, 722 F.3d 1151, 1153 (9th Cir. 2013). Montana law treats arbitration agreements between employers and employees as generally valid and enforceable. Mont. Code Ann. § 27-5-113 (2021).

## DISCUSSION

**I.        Applicability of the Federal Arbitration Act.**

The FAA governs the enforceability of arbitration agreements concerning employment-related claims. *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 119 (2001). Brown signed and executed the Arbitration Agreement on April 28, 2016. (Doc. 5-3 at 2.) The Arbitration Agreement provides that it applies to all claims arising out of "application for employment, employment, or separation from employment." (*Id*.) Brown's claims relate to Wells Fargo's alleged mishandling of her colleague Anderson's workplace misconduct. Brown alleges that Anderson's conduct caused Brown to experience emotional distress and suffering. (Doc. 1-1 at 5.) Anderson's conduct took place during working hours and on Wells Fargo's property. Brown concedes that her claims arise from and relate to her employment with Wells Fargo and that the Arbitration Agreement applies. (Doc. 6 at 3-4.) The FAA governs Brown's claims. *Circuit City*, 532 U.S. at 119.

**II.       Whether the Arbitration Agreement Proves Enforceable.**

Pursuant to the FAA, any written provision or contract involving commerce to settle by arbitration a controversy arising out of that contract or transaction proves valid, irrevocable, and enforceable. 9 U.S.C. § 2. The FAA makes a narrow exception to this rule "upon such grounds exist at law or in equity for the revocation of any contract." *Id*. The FAA will not enforce an arbitration agreement when a party

demonstrates that the agreement was fraudulent, unconscionable, or made under duress. *Mortensen*, 722 F.3d at 1158 (citations omitted).

### A. Montana's Reasonable Expectations/Fundamental Rights Standard.

Brown contends that the arbitration agreement proves unenforceable because it is contained within a contract of adhesion. (Doc. 6 at 6.) Brown asserts that she did not know that "accepting employment with Wells Fargo meant she was waiving fundamental constitutional rights and thus arbitration was not within [Brown's] reasonable expectations." (*Id.*) Brown relies upon *Mulcahy v. Nabor Well Services Co.* to assert that a waiver of her right to sue was not within her reasonable expectations. No. CV-10-21-BLG-RFC, 2010 U.S. Dist. LEXIS 44869, at *4 (D. Mont. May 7, 2010). The district court determined the arbitration agreement at issue in *Mulcahy* to be unenforceable because it violated Montana's reasonable expectations/fundamental rights public policy. *Id.* at *10–15.

Brown misstates the applicable legal standard. The Ninth Circuit concluded in *Mortensen* that the "FAA preempts the Montana reasonable expectations/fundamental rights rule." 722 F.3d at 1161. *Mortensen*, as a binding 2013 Ninth Circuit decision, directly overrules *Mulcahy*, an earlier district court

5

decision. The Court next will proceed to consider whether the Arbitration Agreement meets any of the exceptions to enforcement under the FAA.

## B. Enforceability Under the FAA.

The FAA favors enforcing arbitration agreements. 9 U.S.C § 2. The FAA's "savings clause" represents the only exception to enforcing arbitration agreements. *Id.* The saving clause preserves contract defenses such as fraud, duress, and unconscionability. *Mortensen*, 722 F.3d at 1158. Brown's claim of unconscionability must establish both (1) she had "'little or no choice about its terms," resulting in a contract of adhesion; and (2) that the terms of the contract "unreasonably favor the drafter." *Junkermier, Clark, Campanella, Stevens, P.C. v. Alborn, Uithoven, Riekenberg, P.C.*, 380 P.3d 747, 756–57 (Mont. 2020) (internal citations and quotation marks omitted).

Brown contends that the Arbitration Agreement should not be enforced because (1) Wells Fargo conditioned her employment upon agreement to its terms, and (2) Brown did not possess the sophistication or education to understand the agreement. (Doc. 6 at 8.) The Court agrees with Wells Fargo that Brown's claims do not meet the heightened standard of unconscionability. "[I]nequality in bargaining power does not preclude the enforceability of arbitration agreements." *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 33 (1991).

The Arbitration Agreement is a separate, one page document. (Doc. 5-3 at 2.) The waiver of an employee's rights is contained in the first paragraph of the agreement. (*Id*.) The waiver is not hidden. The Arbitration contains no ambiguous, confusing, or contradictory terms. The Arbitration Agreement states that Wells Fargo agrees to pay the costs of arbitration, excluding the initial filing fee. (*Id*.) The Arbitration Agreement states that arbitration will take place in the city where the employee is or was last employed. (*Id*.) Many of the provisions contained within the Arbitration Agreement are favorable towards Brown. Brown has failed to proffer evidence that Wells Fargo engaged in fraud, that the Arbitration Agreement proves unconscionable, or that she agreed to its terms under duress. (*See generally* Doc. 6.) Brown's claims do not fall under the narrow exceptions to the FAA.

The Arbitration Agreement proves enforceable. 9 U.S.C § 2; *Mortensen,* 722 F.3d at 1161. The Court will stay the matter to allow the parties to pursue arbitration pursuant to the terms of the Arbitration Agreement.

## ORDER

Accordingly, **IT IS ORDERED** that:

1. Defendant Wells Fargo's Motion to Compel Arbitration (Doc. 5) is **GRANTED.**

2. The case is stayed for a period of 90 days to allow the parties to pursue arbitration.

3. The parties shall submit to the Court a status update on or before October 25, 2023, at 5:00 P.M., regarding the status of the arbitration.

Dated this 25th day of July, 2023.

_____
Brian Morris, Chief District Judge
United States District Court